UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1102MLM |
| ) | |
| MISSOURI BEVERAGE COMPANY, INC., ) | |
| and BILL REICHADRT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendant Bill Reichardt. Doc. 12. The time for filing a Response has passed and Plaintiff has failed to file a Response. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 16.

### LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief

survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (quoting Twombly, 550 U.S. at 555). See also Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010) ("[A]n allegation in any negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element.").

> Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 550 U.S. at 555-56. See also Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in a broader context.

In civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

## LEGAL FRAMEWORK and DISCUSSION

Plaintiff alleges in his Complaint that Defendant Missouri Beverage Company, Inc., his former employer, and Reichardt discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. On March 16, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Missouri Beverage, alleging discrimination on the basis of race in violation of Title VII. Plaintiff did not name Reichardt in the EEOC Charge. On March 20, 2012, Plaintiff was issued a Right to Sue Letter by the EEOC. In the pending Motion to Dismiss, Reichardt moves to dismiss the Complaint as to himself because he cannot be found individually liable to Plaintiff under Title VII.

In his Complaint, Plaintiff alleges that Reichardt was his supervisor at Missouri Beverage. Doc. 1 at 6. "Title VII addresses the conduct of employers only and does not impose liability on co-workers." Powell v. Yellow Book USA, Inc., 445 F.3d 1074, 1079 (8th Cir. 2006) (citing Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir.1994)). In particular, the Eighth Circuit "squarely [holds] that supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (citing Spencer v. Ripley Cnty. State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997)). See also Gardner v. 4 U Tech., Inc., 88 F. Supp.2d 1005, 1008 (E.D. Mo. 2000); Arnold v. St. Louis Metro. Police Dept., 2011 WL 3235722, *1 (E.D. Mo 2011) ("An individual holding a supervisory position of a

Title VII plaintiff cannot be held liable under Title VII in his or her individual capacity.") (citing Bales v. Wal–Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir.1998)).

As such, the court finds that Plaintiff fails to state a claim upon which relief can be granted in regard to Reichardt and that Plaintiff's claim against Reichardt should be dismissed in its entirety. See Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant Bill Reichardt is **GRANTED**; Doc. 11

**IT IS FURTHER ORDERED** that the allegations against Defendant Bill Reichardt in Plaintiff's Complaint are **DISMISSED**. Doc. 1

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of August, 2012.